UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| NORFOLK COUNTY RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TEMPUR-PEDIC INTERNATIONAL INC., MARK A. SARVARY, and DALE E. WILLIAMS,<br><br>Defendants. | Case No. 5:12-cv-00195-KKC |
| ARTHUR BENNING, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TEMPUR-PEDIC INTERNATIONAL, INC., MARK A. SARVARY and DALE E. WILLIAMS,<br><br>Defendants. | Case No. 5:12-cv-00197-KKC |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ROBERT LEIBRANDT FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL**

**PRELIMINARY STATEMENT**

Presently pending before the Court are two securities class action lawsuits (the "Actions") brought on behalf of all persons who purchased or otherwise acquired the common stock of Tempur-Pedic International Inc. ("Tempur-Pedic" or the "Company")

between January 24, 2012 and June 5, 2012, inclusive ("Class Period"). Plaintiffs in both Actions allege violations of the Securities and Exchange Act of 1934 (the "Exchange Act") against the Company, Mark A. Sarvary, and Dale E. Williams.[1]

Movant Robert Leibrandt ("Leibrandt") lost approximately $87,376.64 as a result of the alleged fraud during the Class Period. Leibrandt respectfully submits this memorandum of law in support of his motion for (a) consolidation of the Actions, (b) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and (c) for approval of his selection of Levi & Korsinsky LLP ("Levi & Korsinsky") as Lead Counsel and Naber & Joyner as Liaison Counsel.

Leibrandt believes that he has the largest financial interest in the outcome of the case.[2] As such, Leibrandt meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Leibrandt satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[3]

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See Ohio Pub. Emps. Ret. Sys. v. Fannie Mae,* 357 F. Supp. 2d 1027, 1034

---

[1] Specifically, plaintiffs in both Actions allege that Mark A. Sarvary ("Sarvary"), Dale E. Williams ("Williams") (collectively the "Individual Defendants") and the Company violated Section 10(b) of the Exchange Act and rule 10b-5 promulgated under the Exchange Act. Plaintiffs also allege that the Individual Defendants violated Section 20(a) of the Exchange Act.

[2] Leibrandt's certification identifying his transactions in Tempur-Pedic shares, as required by the PSLRA, as well as a chart identifying his losses are attached to the declaration of J. Gregory Joyner ("Joyner Decl."), dated August 20, 2012 as Exhibits A and B, respectively.

[3] The "Class" is comprised of all persons who purchased or otherwise acquired Tempur-Pedic common stock during the Class Period.

(S.D. Ohio 2005); *see also In re Razorfish, Inc. Secs. Litig*., 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); *Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002). Leibrandt satisfies both requirements.

**STATEMENT OF FACTS**

The Actions allege Defendants made false and misleading statements regarding the Company's competitive position and projected financial strength. Compl. ¶ 2.[4] On January 24, 2012, the Company issued a press release announcing the Company's 2011 financial results and announcing guidance for 2012 net sales and earnings per share ("EPS"). *Id.* ¶¶ 31-32. Specifically the announcement projected net sales to be within a range of $1.60 billion and $1.65 billion for 2012, and diluted EPS to be within a range of $3.80 and $3.95. *Id.* ¶ 32.

On April 19, 2012, the Company reported its first quarter results, for the period ending March 31, 2012. *Id.* ¶ 36. The first quarter results showed a substantial increase in year over year net sales and income from the first quarter, 2011, but the Company did not increase its financial guidance for 2012 net sales and EPS, instead merely confirming it. *Id.* ¶¶ 36-37. Share prices fell 20.5% as a result of this announcement. *Id.* ¶ 39. On May 7, 2012, the Company announced it would begin offering one of its most profitable and popular products at a discount. *Id.* ¶ 41. After this second announcement, share prices fell 14.85%.

The Actions allege that during the Class Period, Defendants made false statements or failed to disclose the true nature of the Company's financial position. Specifically, the Actions allege that Defendants knew and failed to disclose that (1) the Company's

---

[4] Citations to "¶ __" are to paragraphs of the Complaint for Violation of the Federal Securities Laws (the "Complaint") filed in *Norfolk County Retirement System v. Tempur-Pedic International Inc., et al.* The facts set forth in the Complaint are incorporated herein by reference.

competitive position was already weakened, (2) the Company was experiencing negative effects from competition, forcing the Company to lower margins, which reduced net sales and EPS, and (3) the Company's 2012 outlook was not just weaker than announced, but in fact, negative. *Id.* ¶ 46.

The true state of the Company's financial position was announced on June 6, 2012. The Company issued a press release that commented on its developing second quarter and substantially reduced its guidance for 2012 net sales and EPS. *Id.* ¶ 43. Based upon this announcement, shares in the Company fell nearly 49% to $22.39, on nearly 16 times the normal daily trading volume. *Id.* ¶ 45.

## ARGUMENT

## I. THE ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

### A. The Court Should Resolve the Consolidation Issue as a Prerequisite to the Determination of Lead Plaintiff

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly

appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc.*, No. 99-CV-1454 (DAB), 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g.*, *In re Telxon Corp. Securities Litig.*, 67 F. Supp. 2d 803, 806 (N.D. Ohio 1999) (consolidation appropriate where all of the actions have factual and legal issues in common).

The Actions pending before this Court present similar factual and legal issues, as they both involve the same subject matter and are based on the same wrongful course of conduct. Both name Tempur-Pedic and certain of its officers and/or directors as defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, a prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the Actions now pending in this District.

## II. THE COURT SHOULD APPOINT LEIBRANDT AS LEAD PLAINTIFF

### A. The Procedure Required by the PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Leibrandt satisfies the foregoing criteria and is not aware of

any unique defenses that defendants could raise against it. Therefore, Leibrandt is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Actions.

**1. Leibrandt Is Willing to Serve as Class Representative**

On June 20, 2012, counsel in the Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Tempur-Pedic and the Individual Defendants, and which advised putative class members that they had until August 20, 2012, to file a motion to seek appointment as a lead plaintiff in the action.[5] Leibrandt has reviewed a complaint filed in the pending Actions and has timely filed his motion pursuant to the Notice.

**2. Leibrandt Has the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, the Leibrandt purchased shares of Tempur-Pedic in reliance upon the materially false and misleading statements issued by defendants, and were injured thereby. *See* Joyner Decl. Ex. A. In addition, Leibrandt suffered a substantial loss of $87,376.64. Leibrandt thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

**B. Leibrandt Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure**

[5] The Actions were filed in this Court on June 20, 2012 and June 25, 2012. On June 20, 2012, the Notice was published over *Globe Newswire,* "a widely circulated national business oriented wire service." *See* Joyner Decl. Exhibit C.

The PSLRA also states that at the outset of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of a class representative, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class. *See Ohio Pub. Emps. Ret. Sys.,* 357 F. Supp. 2d at 1034 (considering only typicality and adequacy on a motion for designation as lead plaintiff); *see also Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *In Party City Secs. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999). *See generally* Fed. R. Civ. P. 23(a)(3)-(4).

Leibrandt plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by defendants; and (iii) his claims are based on the same legal issues. *See Ohio Pub. Emps. Ret. Sys.,* 357 F. Supp. 2d at 1034 (typicality is fulfilled if "the respective lead plaintiff's claims arise out of the same course of conduct or series of events, and are based on the same legal theory as the other members of the class"); *see also Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

The claims asserted by Leibrandt are typical of those of the Class. Leibrandt, like

the other members of the Class, acquired Tempur-Pedic stock during the Class Period at prices artificially inflated by defendants' materially false and misleading statements and omissions, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of the Class because Leibrandt suffered losses similar to those of other Class members and his losses result from defendants' common course of wrongful conduct. Accordingly, Leibrandt satisfies the typicality requirement of Rule 23(a)(3). *See In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992); *see also Weiss*, 745 F.2d at 809.

Moreover, Leibrandt is an adequate representative for the Class. To fairly and adequately represent the interests of a class, a lead plaintiff must demonstrate that "(1) [the] plaintiff's interests are not antagonistic to the class they seek to represent and (2) plaintiff's counsel is qualified to conduct the litigation." *Ohio Pub. Ret. Sys.*, 357 F. Supp. 2d at 1034. There is no antagonism between Leibrandt's interests and those of the Class. Leibrandt has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Leibrandt will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Leibrandt has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

## III. LEIBRANDT'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere

with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Leibrandt has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class and Naber & Joyner to serve as Liaison Counsel. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class Action such as this one, and are well-qualified to represent the Class. *See* Joyner Decl. Ex. D (the firm resume of Levi & Korsinsky).

## CONCLUSION

For the foregoing reasons, Leibrandt respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Leibrandt as Lead Plaintiff for the Class in the Action; and (3) approve Levi & Korsinsky as Lead Counsel for the Class and Naber & Joyner as Liaison Counsel for the Class.

Dated: August 20, 2012

Respectfully submitted,

**NABER & JOYNER**

/s/ J. Gregory Joyner
J. Gregory Joyner
462 South Fourth Avenue
Suite 1730
Louisville, KY 40203
Tel: (502) 583-3081

*Liaison Counsel for Movant Robert Leibrandt*

**LEVI & KORSINSKY LLP**

Nicholas I. Porritt
Thomas M. Gottschlich
1101 30th Street, NW
Suite 115

Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 333-2121

*Counsel for Movant Robert Leibrandt*