# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| NORFOLK COUNTY RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>  - against -<br><br>TEMPUR-PEDIC INTERNATIONAL INC., MARK A. SARVARY, and DALE E. WILLIAMS,<br><br>            Defendants. | Civil Action No. 5:12-cv-00195-KKC |
| ARTHUR BENNING, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>  - against -<br><br>TEMPUR-PEDIC INTERNATIONAL INC., MARK A. SARVARY, and DALE E. WILLIAMS,<br><br>            Defendants. | Civil Action No. 5:12-cv-00197-KKC |

**MEMORANDUM OF LAW IN SUPPORT OF JIM CHANNELL'S
MOTION TO CONSOLIDATE RELATED ACTIONS, FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ..................................................................................................... 2

ARGUMENT ............................................................................................................................... 3

I.   THE ACTIONS SHOULD BE CONSOLIDATED .......................................................... 3

II.  CHANNELL SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS ......... 4

    A.   The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff ....... 4

    B.   Under The PSLRA, Channell Should Be Appointed Lead Plaintiff ....................... 5

        1.   Channell Filed a Timely Motion ................................................................ 5

        2.   Channell Has The Largest Financial Interest In The Relief
            Sought By The Class ................................................................................... 6

        3.   Channell Meets Rule 23's Typicality And Adequacy Requirements ......... 7

III. THE COURT SHOULD APPROVE CHANNELL'S SELECTION OF THE
     FARUQI FIRM AS LEAD COUNSEL .............................................................................. 8

CONCLUSION .......................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Averdick v. Hutchinson Tech., Inc.*,
   No. 05-2095, 2006 U.S. Dist. LEXIS 47445 (D. Minn. Feb. 9, 2006) ...................................... 7

*Dollens v. Zionts*,
   No. 01-C- 5931, 2001 U.S. Dist. LEXIS 19966 (N.D. Ill. Dec. 4, 2001) .................................. 3

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................................. 6

*In re Gildan Activewear Inc. Sec. Litig.*,
   No. 08 Civ. 5048, 2010 U.S. Dist. LEXIS 140619 (S.D.N.Y. Sept. 20, 2010) ......................... 9

*In re The Goodyear Tire & Rubber Co. Sec. Litig.*,
   No. 5:03CV2166, 2004 U.S. Dist. LEXIIS 27043 (N.D. Ohio May 12, 2004) ........................ 6

*Greebel v. FTP Software, Inc.*,
   939 F. Supp. 57 (D. Mass. 1996) .............................................................................................. 5

*Grutter v. Bollinger*,
   539 U.S. 306 (2003) .................................................................................................................. 9

*Lax v. First Merchs. Acceptance Corp.*,
   No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .................................. 5

*Meeuwenberg v. Best Buy Co.*,
   No. 03-6193 ADM/AJB, 2004 U.S. Dist. LEXIS 7686 (D. Minn. Apr. 29, 2004) ............... 4, 5

*Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*,
   357 F. Supp. 2d 1027 (S.D. Ohio 2005) ............................................................................... 7, 8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) .............................................................................................. 5

*In re Texlon Corp.*,
   67 F. Supp. 2d. 803 (N.D. Ohio 1999) ..................................................................................... 3

**STATUTES**

15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B)(I) .................................................................................... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 42(a) ........................................................................................................................3

Fed. R. Civ. P. 23 ....................................................................................................................1, 5, 7

Jim Channell ("Channell"), on behalf of himself and the Class defined herein, respectfully submits this memorandum of law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), in support of his motion for the entry of an order consolidating these related actions, appointing him as Lead Plaintiff for the Actions (defined below) and approving his selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel and Kinkead & Stilz, PLLC as liaison counsel.

## PRELIMINARY STATEMENT

Presently pending in this District are two related securities class actions (the "Actions") brought on behalf of a putative class (the "Class") of investors who suffered damages as a result of their purchases of the publicly traded common stock of Tempur-Pedic International Inc. ("Tempur-Pedic" or the "Company") during the period from January 25, 2012 through and including June 5, 2012, inclusive (the "Class Period"). In connection therewith, various movants may seek to be appointed lead plaintiff and to approve their selection for lead counsel.

This motion is made on the grounds that the Actions involve common questions of law and fact. Accordingly, consolidation is appropriate.

With respect to the appointment of a lead plaintiff to oversee the Actions, Congress established a presumption in the PSLRA that requires the Court to appoint as lead plaintiff the movant who demonstrates the "largest financial interest in the litigation" and who also satisfies Rule 23's typicality and adequacy requirements for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

With total losses of $131,373.64, Channell, to the best of counsels' knowledge, has the largest financial interest in the litigation of any movant. Accordingly, he is the presumptive lead plaintiff. Channell also satisfies Rule 23's typicality and adequacy requirements. Channell's

1

claims are typical of the Class's claims because he suffered losses in his Tempur-Pedic investments as a result of defendants' false and misleading statements. Further, Channell has no conflict with the Class and will adequately protect the Class's interests given his significant financial stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certifications and his selection of experienced class counsel. Accordingly, Channell is the presumptive lead plaintiff and should be appointed as such.

Additionally, if appointed Lead Plaintiff, Channell is entitled to select, subject to the Court's approval, lead counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Channell has engaged the Faruqi Firm for this purpose, with Kinkead & Stilz, PLLC as liaison counsel. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced plaintiffs' firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, Channell's motion should be granted in its entirety.

## FACTUAL BACKGROUND

Defendant Tempur-Pedic is headquartered in Lexington, Kentucky. The Company is engaged in the research, development, engineering, manufacturing and distribution of mattresses, pillows and other sleep and relaxation products. Tempur-Pedic sells its products in more than 80 countries. The Company's stock is listed on the New York Stock Exchange (the "NYSE") under the ticker symbol "TPX." On January 24, 2012, Tempur-Pedic issued a press release setting forth its financial performance for 2011 in which it claimed a strengthening competitive position and material growth in net sales and EPS during the course of 2012. However, on May 7, 2012, the Company stated that it would begin offering a substantial price discount on one its best-selling products; as a result, its share price fell nearly 15 percent.

Further, on June 6, 2012, Tempur-Pedic admitted that the outlook for 2012 net sales and EPS that the Company had provided and confirmed over the prior six months was inaccurate. The Company revealed that it anticipated that net sales would be essentially flat and that EPS would suffer a 15.09 percent decline. Tempur-Pedic's stock price fell 48.73 percent on the heaviest volume in the Company's publicly-traded history.

However, defendants' statements were materially false and misleading because defendants knew or recklessly disregarded that the Company's competitive position had already weakened and that it was already experiencing the resulting negative financial effects.

Channell seeks to recover for himself and absent Class members the substantial losses that were suffered as a result of the Company's and its officers' fraud.

## ARGUMENT

**I.     THE ACTIONS SHOULD BE CONSOLIDATED**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).

Under Federal Rules of Civil Procedure 42(a), consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). Consolidation is proper and routinely granted in securities fraud class actions. *See In re Texlon Corp.*, 67 F. Supp. 2d. 803, 807 (N.D. Ohio 1999). Courts have recognized that consolidation of securities class actions are ideally suited for consolidation to reduce duplication, expedite pretrial proceedings and minimize time and expense. *See*, *e.g.*, *Dollens v. Zionts*, No. 01-C- 5931, 2001 U.S. Dist. LEXIS 19966, at *6 (N.D. Ill. Dec. 4, 2001).

3

Presently, there are two related actions pending in this District against Tempur-Pedic and certain of its officers and directors. These actions present virtually identical factual and legal issues, as each one alleges the same Class Period, names the same defendants and asserts the same claims under the Exchange Act. Because these actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate here.

## II. CHANNELL SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

### A. The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B)(I). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *See Meeuwenberg v. Best Buy Co.*, No. 03-6193 ADM/AJB, 2004 U.S. Dist. LEXIS 7686, at *5 (D. Minn. Apr. 29, 2004); U.S.C. § 78u-4(a)(3)(A)(i)).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members." Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice (published by a complainant);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

4

    (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see generally Meeuwenberg*, 2004 U.S. Dist. LEXIS 7686, at *5-6.

  Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

  **B.**  **Under The PSLRA, Channell Should Be Appointed Lead Plaintiff**

  As discussed below, Channell should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, Channell holds the largest financial interest of any movant, and Channell otherwise satisfies Rule 23's typicality and adequacy requirements.

  **1.**  **Channell Filed a Timely Motion**

  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff filing the initial complaint was required to publish notice of the complaint within twenty (20) days of its filing. Counsel for the Norfolk County Retirement System published notice of the lead plaintiff deadline via *Globe Newswire* on June 20, 2012.[1] *See* Declaration of John G. Irvin, Jr. dated August 20, 2012 ("Irvin Decl."), Ex. A. Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice (*i.e.*, on or before August

---

[1]  Publication by *Globe Newswire* is an adequate means for meeting the PSLRA statutory requirement that notice be published in "a widely circulated national business-oriented wire service." *See, e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

5

20, 2012).  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Thus, Channell's motion is timely filed. Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Channell timely signed and submitted a certification with his motion, identifying all of his relevant Tempur-Pedic trades during the Class Period, and detailing Channell's suitability to serve as Lead Plaintiff in this case.  *See* Irvin Decl., Ex. B.  The PSLRA's procedural requirements have therefore been met.

### 2. Channell Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit often look to four factors in the inquiry:  (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant.  *In re Goodyear Tire & Rubber Co. Sec. Litig.*, No. 5:03CV2166, 2004 U.S. Dist. LEXIIS 27043, at *16 (N.D. Ohio May 12, 2004).  Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant.  *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) (citation omitted).

Overall, Channell purchased 9,000 shares and 3,000 net shares of Tempur-Pedic during the Class Period for $209,880.04 in net expenditures, suffering losses of $131,373.64 when calculated using either a first in, first out ("FIFO") methodology or a last in, first out ("LIFO") methodology.  *See* Irvin Decl., Exs. C and D.  Channell is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

6

### 3.     Channell Meets Rule 23's Typicality And Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA also requires that the lead plaintiff satisfy Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(3)(B).  When assessing potential lead plaintiffs, only Rule 23(a)'s typicality and adequacy requirements are relevant.  *See, e.g.*, *Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1034 (S.D. Ohio 2005).

Typicality is established where each class member's claims arise from the same course of events and are based on the same legal theories as the claims off all class members.  *Ohio Pub. Emps.*, 357 F. Supp. 2d at 1034.  However, the claims of the class representative need not be identical to those of all members of the class.  *Averdick v. Hutchinson Tech., Inc.*, No. 05-2095 (MJD/SRN), 2006 U.S. Dist. LEXIS 47445, at *10 (D. Minn. Feb. 9, 2006).

Channell's claims are clearly typical of the Class's claims.  Channell purchased Tempur-Pedic shares during the Class Period, suffered damages as a result of the Company's false and misleading statements, and possesses claims against Tempur-Pedic and its officers under the federal securities laws.  Because the factual and legal bases of Channell's claims are similar, if not identical, to those of the Class's claims, Channell necessarily satisfies the typicality requirement.

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the Class."  Adequate representation will be found if able and experienced counsel represents the proposed representative, and the proposed representative has no fundamental conflicts of interest with the interests of the class as a whole.  *See Ohio Pub. Emps.*, 357 F. Supp. 2d at 1034.  As evidenced by the fact that Channell retained counsel to file this motion and based on representations in Channell's certifications, his interests are perfectly aligned with – and by no means antagonistic to – the interests of the Class.  *See id*.  Moreover,

Channell has selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. *See id.* (movant's actions of retaining experienced counsel and filing suit evidenced adequacy to serve as lead plaintiff). As explained below in Section II, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Irvin Decl., Ex. E. Consequently, Channell is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Channell respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff in the Actions.

### III. THE COURT SHOULD APPROVE CHANNELL'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff is entitled to select and retain lead counsel for the Class, subject to the Court's approval. Channell has selected the Faruqi Firm to be Lead Counsel for the Class and Kinkead & Stilz, PLLC as liaison counsel. As reflected in its firm's resume, the Faruqi Firm possesses extensive experience litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Irvin Decl., Ex. E. For example, the Faruqi Firm has previously obtained significant recoveries to injured investors. *See, e.g., In re United Health Grp. Inc. Deriv. Litig.,* Case No. 27CV06-8065 (Minn. 4th Jud. Dt. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Purchase Pro Inc. Sec. Litig.*, No. CV-C-01-0483-JLQ (D. Nev. 2001) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement). The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g.*, *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (serving as co-lead counsel for the recently certified

8

class); *In re Carbo Ceramics Stock & Options Sec. Litig.*, No. 1:12-cv-01034-LLS (appointed lead counsel on behalf of options holders); *see also In re GLG Life Tech Corp. Sec. Litig.*, No. 11-CV-09150 (BSJ) (GWG) (appointed sole lead counsel); *In re China Organic Sec. Litig.*, No. 1:11-cv-08623-LBS (same); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (same).

Similarly, the Kinkead & Stilz, PLLC firm is eminently qualified to act as liaison counsel in this matter, as evidenced by its resume. Irvin Decl., Ex. F.

Furthermore, the Faruqi Firm is both a minority-owned and women-owned business,[2] and employs minority and female attorneys and staff at every level. Consequently, the Faruqi Firm provides "diversity, in terms of race and gender, in the class counsel . . . ". *In re Gildan Activewear Inc. Sec. Litig.*, No. 08 Civ. 5048, 2010 U.S. Dist. LEXIS 140619, at *3 (S.D.N.Y. Sept. 20, 2010) (ordering lead counsel to "make every effort" to assign women and minorities to the litigation). Therefore, the Faruqi Firm is well qualified to represent the Class, and Channell requests that the Court approve his selection of the Faruqi Firm as Lead Counsel for the Class.

---

[2] In fact, the Faruqi Firm has been certified as such by the Women's Business Enterprise National Council (WBENC). *See* Irvin Decl., Ex. G. Thus, if all other factors are relatively equal, the fact that the Faruqi Firm is a minority-owned and women-owned business should serve as a "plus factor" meriting the appointment of the Faruqi Firm as Lead Counsel. *See generally Grutter v. Bollinger*, 539 U.S. 306, 334 (2003) (approving consideration of minority status of law school applicant as a "plus factor" to redress prior discrimination in the legal field).

## CONCLUSION

For the foregoing reasons, Channell respectfully requests that the Court: (1) appoint Channell as Lead Plaintiff for the Actions; (2) approve Channell's selection of the Faruqi Firm as Lead Counsel for the Class and Kinkead & Stilz, PLLC as liaison counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated: August 20, 2012                           Respectfully submitted,

**KINKEAD & STILZ, PLLC**

By: */s/ John G. Irvin, Jr.*
　　John G. Irvin, Jr.
PNC Bank Tower
301 East Main Street, Suite 800
Lexington, KY 40507-1520
Tel: (859) 296-2300
Fax: (859) 296-2566

**FARUQI & FARUQI, LLP**
Richard W. Gonnello
Emily C. Komlossy
Frank P. McConville
369 Lexington Avenue, 10th Floor
New York, NY 10017
Tel: (212) 983-9330
Fax: (212) 983-9331
E-mail: rgonnello@faruqilaw.com
　　　　ekomlossy@faruqilaw.com
　　　　fmcconville@faruqilaw.com

*Counsel for Jim Channell and Proposed Lead Counsel*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 20, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List. I also hereby certify that I will cause to be mailed the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                          */s/ Richard W. Gonnello*
                                              Richard W. Gonnello

                                          **FARUQI & FARUQI, LLP**
                                          369 Lexington Avenue, 10th Floor
                                          New York, NY 10017
                                          Tel: (212) 983-9330
                                          Fax: (212) 983-9331

                                          E-mail: rgonnello@faruqilaw.com

# Mailing Information for a Case 5:12-cv-00195-KKC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jason Trent Ams**
  jams@bgdlegal.com,ekiltinen@bgdlegal.com,jmckenney@bgdlegal.com

- **Rachel A. Avan**
  ravan@labaton.com

- **Eric J. Belfi**
  ebelfi@labaton.com

- **Jason D. Frank**
  jason.frank@bingham.com

- **Jordan D. Hershman**
  jordan.hershman@bingham.com

- **J. Gregory Joyner**
  fhill@njslaw.net

- **Christopher J. Keller**
  ckeller@labaton.com

- **S. Chad Meredith**
  chad@ransdellroach.com

- **David Andrew Owen**
  dowen@bgdlegal.com,ekiltinen@bgdlegal.com,jmckenney@bgdlegal.com

- **W. Keith Ransdell**
  keith@ransdellroach.com

- **John C. Roach**
  johncroach@yahoo.com

- **Michael W. Stocker**
  mstocker@labaton.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
William              R. Harb
Bingham McCuthen, LLP - Boston MA
One Federal Street
Boston, MA 02110
```

# Mailing Information for a Case 5:12-cv-00197-KKC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **J. Gregory Joyner**
  fhill@njslaw.net

- **Richard A. Maniskas**
  rmaniskas@sbclasslaw.com

- **Randall S. Strause**
  rstrause@strauselawgroup.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Lester              R. Hooker
Saxena White, PA
2424 N. Federal Highway
Suite 257
Boca Raton, FL 33431

Christopher         S. Jones
Saxena White, PA
2424 N. Federal Highway
Suite 257
Boca Raton, FL 33431

Katharine           M. Ryan
Ryan & Maniskas LLP
995 Old Eagle School Road
Suite 311
Wayne, PA 19087

Maya                Saxena
Saxena White, PA
2424 N. Federal Highway
Suite 257
Boca Raton, FL 33431

Joseph              E. White                                              , III
Saxena White, PA
2424 N. Federal Highway
Suite 257
Boca Raton, FL 33431
```